UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 29, 2017

LETTER TO COUNSEL

RE: *Ronald Lowell Sample v. Commissioner, Social Security Administration*;
Civil No.: SAG-16-3758

Dear Counsel:

On November 21, 2016, Plaintiff Ronald Lowell Sample petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment and supplemental briefing. [ECF Nos. 16, 18, 24, 25]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Sample filed his claim for benefits on October 31, 2012, and later amended his alleged onset date to February 28, 2013. (Tr. 173-78, 197). His claim was denied initially and on reconsideration. (Tr. 74-83, 85-96). A hearing was held on March 3, 2015 before an Administrative Law Judge ("ALJ"). (Tr. 35-73). Following the hearing, the ALJ determined that Mr. Sample was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-34). The Appeals Council ("AC") denied Mr. Sample's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Sample suffered from the severe impairment of "mild degenerative disc disease," along with other nonsevere impairments. (Tr. 16-17). Despite these impairments, the ALJ determined that Mr. Sample would retain the residual functional capacity ("RFC") to "perform the full range of medium work as defined in 20 CFR 416.967(c)." (Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Sample could perform several jobs existing in the national economy and that, therefore, he was not disabled. (Tr. 28-29).

Mr. Sample raises three primary arguments on appeal: (1) that the ALJ did not support his RFC assessment with substantial evidence; (2) that several of his impairments should have been deemed severe; and (3) that the ALJ improperly assessed his credibility. I concur that the RFC assessment lacks appropriate support and the ALJ's credibility analysis is lacking, and thus remand for further explanation. In so holding, I express no opinion as to whether the ALJ's

ultimate conclusion that Mr. Sample is capable of substantial gainful employment is correct or incorrect.

Mr. Sample's primary argument is that he is disabled due to his back pain, although he also alleges some mental health conditions that the ALJ did not find to be severe. (Tr. 18). "In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians…and any other relevant evidence in the case record." SSR 96–7P, 1996 WL 374186, at *1 (S.S.A. July 2, 1996). An ALJ cannot rely exclusively on objective evidence to undermine a claimant's subjective assertions of disabling pain. *See Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

In this case, the ALJ repeatedly cites to objective evidence to undermine Mr. Sample's assertions of disabling back pain. Oddly, the ALJ's discussion of "[t]he subjective factors in this case" focuses exclusively on his mental health conditions. (Tr. 22). The ALJ does not discuss any evidence undermining his subjective allegations of disabling pain. Instead, in considering Ms. Sample's back condition, the ALJ repeatedly discussed the fact that diagnostic imaging had normal results or only mild findings. *Id.* Although the ALJ referred to indicia of pain evident in the medical record, the ALJ did not specifically evaluate the credibility of those assertions or findings. *See id.* (referencing "constant complaints of back pain," "paraspinal tenderness," "displaying spinal tenderness," and "positive straight leg raises").

Where, as here, pain is the primary basis on which disability is asserted, and the ALJ includes no analysis of the alleged disabling pain, the ALJ's opinion is not susceptible to effective appellate review. Accordingly, remand is appropriate to allow the ALJ to assess the effect of Mr. Sample's back pain on his ability to work. In recommending remand, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Sample is capable of substantial gainful employment is correct or incorrect.

Additionally, I note that there is no medical opinion suggesting that Mr. Sample, who turned 50 years of age on his amended alleged onset date, is able to perform the full range of medium work. The ALJ acknowledged that, at each of three consultative examinations, Mr. Sample exhibited symptoms such as slow gait, spinal tenderness, and/or positive straight leg raises. (Tr. 22-23). The ALJ assigned only "some weight" to the opinions of those consultative examiners, who imposed more significant restrictions than medium work, because the ALJ deemed the opinions to be "vague." (Tr. 24-25). Both physical State agency medical consultants opined that Mr. Sample could perform "less than the full range of light work." (Tr. 23). Mr. Sample's treating physician, Dr. Lwin, also opined that Mr. Sample would have significant physical restrictions. *Id.* Another treating physician, Dr. Seunarine, opined that Mr. Sample would have extremely significant restrictions from his physical limitations, including that he could only sit or stand for two hours and walk for one hour in a workday. (Tr. 24). An ALJ need not adopt any particular medical opinion in formulating an RFC assessment. However, in a case like this where every medical source (both treating and non-treating) opined that there

would be restrictions more significant than those found by the ALJ, additional explanation is required to justify the apparent deviation from views of the medical professionals.

Mr. Sample's final argument, regarding impairments that, in his view, should have been deemed severe, is less persuasive. However, in light of some of the recommendations made by various medical sources about limitations that would be needed to address certain of the medical conditions, on remand, the ALJ should consider whether any additional diagnoses should be deemed severe and, if so, whether additional restrictions in the RFC assessment are appropriate.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 16), is DENIED, and Defendant's Motion for Summary Judgment, (ECF No. 25), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge